JjARMSTRONG, J.,
DISSENTING WITH REASONS.
I respectfully dissent. The issue in this case is not whether the trial court was clearly wrong/manifestly erroneous or whether there is sufficient evidence to support the judgment. Rather, a central issue raised by the defendants is whether the proceedings below meet the requirements of the rules of procedure and evidence. A key issue with respect to the quantum of general damages is whether the plaintiff suffered neurological injury. Because of an inadvertent irregularity in the presentation of the evidence with respect to that key issue, I would vacate the judgment below and remand with instructions that the plaintiffs testimony regarding whether needles were used be taken under oath.
Dr. Amy Gutierrez, defendants’ board-certified neurologist, who found no neurological injury, testified that she performed a nerve conduction test using needles. She was not able to perform an EMG test, which uses larger needles, because the plaintiff refused. She further testified that if the plaintiff also had refused the use of needles for the nerve conduction test then she would have used surface electrodes, but then her report would have reflected the use of such electrodes. She testified that her report did not so reflect.
During the cross-examination of Dr. Gutierrez, the plaintiffs counsel told the judge that the plaintiff denied that any needles were used. The plaintiff himself lathen told the judge, from the counsel table, that no needles had been used. A review of the record reflects that this was the only evidence to contradict Dr. Gutierrez’ testimony that she used needles.
The dispute over whether Dr. Gutierrez used needles became pivotal to the trial court’s decision because the trial court dismissed Dr. Guiterrez’ opinion and test results on the ground that her test was not effective unless needles were used. The trial court based its conclusion that needles were not used upon the plaintiffs denial.
The problem with this, as the record reflects, is that the plaintiffs “testimony” came after the plaintiff had concluded his testimony, and, in fact, was given by the plaintiff from the counsel table while Dr. Gutierrez was on the witness stand. The record reflects that the plaintiff was neither sworn nor admonished that he was still under oath as is required by law. La.Code Evid. art. 603; La.Code Civ. Proc. art. 1633. Also, there was no opportunity for cross-examination as is required by law. La.Code Evid. art. 611. See generally. Wolford v. Joellen Smith Psychiatric Hospital, 96-2460 (La.1/31/97), 687 So.2d 390, opinion after grant of writ, 96-2460 (La.5/20/97), 693 So.2d 1164; State v. Walters, 90-0477 (La.App. 4 Cir. 5/30/91), 582 So.2d 317, writ denied, 584 So.2d 1171 (La.9/20/91). Although it is true that no objection was raised by defense counsel, the circumstances created ambiguity as to whether the plaintiffs statements were actually being received as evidence upon which the trial court might rely. This last factor, the ambiguity of the situation, explains and, in my view, excuses the lack of contemporaneous objection by defense counsel.